IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00101-MR-WCM

| | |
|---|---|
| MARK D. ODOM, ) | |
| ) | |
| Plaintiff, ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| v. ) | |
| ) | |
| BROOKFIELD RENEWABLE, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Brookfield Renewable's Motion to Dismiss Plaintiff's Complaint in its Entirety with Prejudice (the "Motion to Dismiss," Doc. 11), which has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## I. Procedural Background

Plaintiff, who is proceeding *pro se*, filed his Complaint on April 24, 2020. Doc. 1.

Defendant appeared on August 20, 2020. Docs. 5, 6, 7, 8.

On September 21, 2020, Defendant filed the Motion to Dismiss along with a supporting memorandum. Docs. 11, 12.

Plaintiff did not respond within the time allotted by the Local Rules.

On November 4, 2020, the undersigned issued an Order advising Plaintiff that Defendant had filed the Motion to Dismiss which sought the

1

dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Order also advised Plaintiff to review the Motion to Dismiss and supporting memorandum carefully, and extended Plaintiff's deadline to file a response to the Motion to Dismiss to November 20, 2020. Doc. 13.

Plaintiff did not make any filings by November 20, 2020.

However, on December 2, 2020, the Court received a motion seeking an extension of Plaintiff's response deadline. Doc. 14. That Motion was granted by Order entered on December 7, 2020 (Doc. 15) and Plaintiff's response deadline was extended to and including December 21, 2020.

Plaintiff did not file a response by that date and has made no other filings since December 2, 2020.

## II. Background

### A. Materials Considered

Plaintiff attached several additional pages, including handwritten notes that describe the basis for his claims in more detail and a Dismissal and Notice of Rights letter from the Equal Employment Opportunity Commission ("EEOC") to his Complaint. These materials may be considered in connection with the Motion to Dismiss. See e.g., See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)(stating that courts may take judicial notice of matters of public record, documents attached to the complaint, and documents

attached to the motion to dismiss so long as they are integral to the complaint and authentic); Herbert v. Horizon Coach Lines, No. 3:15-CV-6-GCM, 2015 WL 3649091, at *1 n.1 (W.D.N.C. June 11, 2015)("The Court may consider an EEOC charge without converting a motion to dismiss into one for summary judgment.").

### B. Plaintiff's Allegations and Filings

Plaintiff alleges that he began working for Alcoa in approximately 2002. Doc. 1 at 7. Specifically, it appears that Plaintiff was working at a hydroelectric power facility located in Graham County, North Carolina.

At some point in 2010, Plaintiff took a supervisor's job, which he held for approximately one and a half years. Id. at 4. He then went back to an hourly position. Id. at 7.

Plaintiff alleges that on November 16, 2012, Defendant bought Alcoa's dams and "powerhouses" in North Carolina and Tennessee. Id.[1]

---

[1] In its memorandum supporting its Motion to Dismiss, Defendant states that at the time Plaintiff began working at the Cheoah hydroelectric facility, it was "under prior ownership." Defendant further states that the facility was purchased by Smoky Mountain Holdings LLC in 2012 and that Plaintiff's employment "was transitioned from the prior plant owner to Smoky Mountain Holdings LLC." Doc. 12 at 2 and n. 2. Defendant also states that while "Brookfield Renewable" is named as the defendant in this case, its correct corporate name is Smoky Mountain Holdings LLC. Id. at 1 n.1. Defendant does not contest, however, that it has been named properly.

3

Plaintiff further alleges that "the hourly men [he] worked with resented [him] going to a supervisor's position… and were determined to make [his] life miserable." Id. In that regard, he complains of two specific incidents.

First, at some point in 2012, five of Plaintiff's coworkers assaulted him at the facility, with two of them grabbing his arms and holding him while three others simulated a sexual assault. Id. at 7.[2]

Second, at some point in 2014, Plaintiff's supervisor approached Plaintiff, held him down, and simulated a sexual assault. Id. at 7-8.

Plaintiff states that after he went back to an hourly job, he was called names and that the simulated sexual assaults were discussed by his coworkers. Id. at 8.

Plaintiff alleges that on April 16, 2019, he "was told to go home and get help." Id. at 9. He sought treatment with a therapist who diagnosed him with PTSD, depression, and anxiety. A second therapist gave him a similar diagnosis. Id. at 9.

Plaintiff states that in 2019 Defendant conducted an investigation of his allegations, though would not reveal the findings to Plaintiff. Id. at 10.

---

[2] It is not clear whether this incident occurred while Plaintiff occupied a supervisor's position or after he had returned to an hourly position.

4

Plaintiff called the EEOC on October 15, 2019 and filed a claim with the EEOC, though the claim was not "formalized" until November 25, 2019. Id. at 5.

In the Dismissal and Notice of Rights letter, which was dated January 29, 2020, the EEOC advised Plaintiff that his charge had not been timely filed with the EEOC. Doc. 1-2.

### III. Legal Standard

In a motion made pursuant to Rule 12(b)(6), the central issue is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192.

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255.

"A claim has facial plausibility when the plaintiff pleads factual content

5

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

The statute of limitations "is an affirmative defense, which can be the basis of a motion to dismiss under Rule 12(b)(6)." Dickinson v. Univ. of N. Carolina, 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) (citing Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)). "However, since a Rule 12(b)(6) motion aims to test the sufficiency of the complaint, and the burden of proving an affirmative defense rests with a defendant, dismissal under Rule 12(b)(6) based on the statute of limitations occurs in 'relatively rare circumstances'" and "all facts necessary to show the time bar must clearly appear 'on the face of the complaint.'" Id. (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)).

### IV. Discussion

Plaintiff's Complaint indicates that he is asserting claims for violations of Title VII of the Civil Rights Act of 1964, based specifically on "sexual assault, harassment, verbal harassment." Doc. 1 at 3.

In the Motion to Dismiss, Defendant argues that Plaintiff's claims should be dismissed as untimely.

6

As noted, Plaintiff has not responded to the Motion to Dismiss, and it therefore appears that Plaintiff concedes the merits of Defendant's arguments. See Campbell v. Rite Aid Corp., No. 7:13-cv-02638-BHH, 2014 WL 3868008, at *2 (D.S.C. Aug. 5, 2014) (holding that, where the plaintiff failed to respond to an argument in the defendant's motion to dismiss, "the Court can only assume that Plaintiff concedes the argument"); Radchyshyn v. Allstate Indem. Co., No. 1:14-CV-00169-MR-DLH, 2014 WL 4406994, at *4 (W.D.N.C. Sept. 8, 2014) ("Plaintiff seemingly concedes the merits of Defendant's motion by failing to respond to the Motion to Dismiss.").

Further, a Title VII plaintiff must file his charge with the EEOC within 180 days after the occurrence of the allegedly unlawful employment practice. See 42 U.S.C. §§ 2000e-5(e)(1). A plaintiff's failure to file a timely charge with the EEOC bars a subsequent claim in federal court. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court."); Lunn v. Clerk of Circuit Court for Baltimore City, No. CV CCB-19-729, 2020 WL 1034070, at *4 (D. Md. Mar. 3, 2020) (noting that while the Supreme Court has held that Title VII's charge filing requirement was "not of a jurisdictional cast,…the charge filing rule is mandatory, and a plaintiff's failure to exhaust administrative remedies thus justifies a claim's dismissal") (citing Fort Bend Cty. v. Davis, 139 S. Ct. 1843,

7

1850-51 (2019)); see also Cunningham v. Wells Fargo N.A., NO. 3:19-cv-00528-FDW, 2020 WL 5300843, at *5-6 (W.D.N.C. Sept. 4, 2020) (explaining that prior to bringing a Title VII claim, a plaintiff must exhaust his administrative remedies and that "the Supreme Court has 'held that Title VII's charge-filing requirement is not jurisdictional, but rather a claims-processing rule.' Thus, motions to dismiss for failure to exhaust administrative remedies are analyzed under Rule 12(b)(6) rather than 12(b)(1).") (quoting EEOC v. 1618 Concepts, Inc., No. 19-CV-672, 2020 WL 87994, at *2 (M.D.N.C. Jan. 7, 2020) (citing Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1850-51 (2019)).

Here, Plaintiff's charge of discrimination was filed with the EEOC on November 25, 2019. Consequently, to the extent the charge was based on alleged discrimination that occurred prior to May 29, 2019 (180 days before the filing of the charge), the charge was untimely. The two alleged simulated sexual assaults by Plaintiff's coworkers and his supervisor occurred in 2012 and 2014, respectively.

With regard to the "verbal harassment," Plaintiff alleges that his coworkers, sometime after the simulated sexual assaults, ridiculed him about these incidents. However, specific dates concerning that conduct are not provided and, in any event, it appears from Plaintiff's materials that this conduct occurred prior to April 16, 2019 when Plaintiff was "sent home to get help."

In short, the record indicates that all of the inappropriate conduct Plaintiff alleges to have occurred took place well in advance of the 180-day mark prior to the filing of Plaintiff's charge of discrimination with the EEOC in November 2019. As result, the EEOC dismissed Plaintiff's charge as untimely. His Title VII claims in this case are likewise time-barred. United States Equal Employment Opportunity Comm'n v. Worthington, Moore & Jacobs, Inc., No. CV L-04-3127, 2007 WL 9780446, at *3 (D. Md. Mar. 30, 2007) ("Private litigants must follow a strict timetable in order to bring suit under Title VII."); Jackson v. Rex Hospital, Inc., No. 5:20-cv-192-BO, 2020 WL 6532829, at *2 (E.D.N.C. Nov. 5, 2020) (dismissing claims as time-barred where plaintiff filed his EEOC charge "far in excess" of the 180-day window); McMillan v. General Electric, No. 7:09–CV–160–FL, 2010 WL 3672243 at *7 (E.D.N.C. July 12, 2010) ("The failure to file a timely complaint with the EEOC bars the claim in federal court."); Pijnenburg v. West Georgia Health System, Inc., 255 F.3d 1304, 1305 (11th Cir. 2001) ("It is settled law that in order to obtain judicial consideration of such a claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred").[3]

---

[3] In its briefing, Defendant also argues that, to the extent Plaintiff's claims are construed as being made pursuant to state law or under a theory of retaliation pursuant to Title VII, they should likewise be dismissed. Doc. 12 at 7-10. However, the undersigned does not read Plaintiff's Complaint as asserting state law claims or

9

Case 1:20-cv-00101-MR-WCM   Document 16   Filed 02/11/21   Page 9 of 11

Therefore, while recognizing that Plaintiff's allegations describe disturbing conduct and his significant distress therefrom, the undersigned concludes that Plaintiff's claims should be dismissed.

## V.  Recommendation

For the reasons stated, the undersigned **RECOMMENDS** that Defendant Brookfield Renewable's Motion to Dismiss Plaintiff's Complaint in its Entirety with Prejudice (Doc. 11) be **GRANTED** and Plaintiff's claims be dismissed.

Signed: February 11, 2021

W. Carleton Metcalf
United States Magistrate Judge

---

a separate claim for retaliation under Title VII.

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).